UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
WILLIAM J. BUTLER              :
                               :
v.                             :
                               :   Civ. No. 03cv942(WWE)
MASSACHUSETTS CARPENTER HEALTH :
BENEFITS FUND, NEW ENGLAND     :
REGIONAL COUNCIL OF CARPENTERS :
STATE-WIDE BENEFITS FUNDS,     :
                               :
```

RULING ON MOTION TO REMAND

Plaintiff William J. Butler commenced this action in state Superior Court, alleging that defendants Massachusetts Carpenter Health Benefits Fund ("MCHBF"), New England Regional Council of Carpenters ("NERCC") and Connecticut Carpenters Health Fund ("CCHF")[1] failed to pay certain medical expenses submitted pursuant to the terms and conditions of an ERISA plan.  On May 28, 2003, MCHBF and NERCC removed this case to federal court with the assent of CCHF on the basis of ERISA preemption.  Pending before the court is plaintiff's motion to remand this case back to state Superior Court.  Based on the following discussion, plaintiff's motion will be denied.

DISCUSSION

Removal of a case to federal district court is proper when a case arises under federal law.  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983) (quoting 28 U.S.C. § 1331).  A claim ordinarily arises under federal law only when stated in a well-pleaded complaint that raises issues of federal

---

[1] This defendant is misidentified in the complaint as Connecticut Carpenters State-Wide Benefits Fund.

law.  Franklin H. Williams Ins. Trust v. Travelers Ins., 50 F.3d 144, 147 (2d Cir. 1995).  It is well settled that a case may not be removed from state court on the basis of the defense of federal preemption even if the both parties admit that the defense is essentially the central issue to be decided.  Franchise Tax Bd., 463 U.S. at 13-14.  An exception to this rule arises, however, in instances of complete preemption,"i.e., where the preemptive force of federal law is so powerful as to displace entirely the plaintiff's state cause of action or where Congress has not only provided for preemption but also clearly manifested an intent to make causes of action within the scope of federal enforcement provisions removable to federal court."  Concerned Citizens of Cohocton Valley, Inc. v. N.Y.S. Department of Environmental Conservation, 127 F.3d 201 (2d Cir. 1997).

    In his motion, plaintiff argues that his complaint constitutes a simple state law contract claim against the ERISA plan, and that federal preemption is thereby a defense that does not provide a basis for removal. Defendants counter that complete preemption of plaintiff's state-law claim is appropriate in this instance.

    The determination of whether a state law is preempted by ERISA requires two prongs of analysis.  Plumbing Industry Board, Plumbing Local Union No. 1 v. E. W. Howell Co., Inc., 126 F. 3d 61 (2d Cir. 1997).  First, preemption applies where a state law refers to ERISA plans in the sense that it acts solely upon such plans or depends upon the existence of an ERISA plan as an essential part of its operation.  Second, preemption applies even if a state law does not

2

refer to ERISA but has a clear connection with a plan by mandating employee benefit structures and administration or by providing alternative enforcement mechanisms.

Courts have consistently held that ERISA preempts state common law breach of contract claims asserted against an ERISA plan. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987) (tortious breach of contract preempted by ERISA); Wiggin v. Bridgeport Hospital, Inc., 2003 WL 21459550 (D.Conn. 2003).

In Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 67 (1987), the Supreme Court held that suits that purport to raise only state law claims, such as breach of contract, and that are completely preempted by ERISA, are necessarily federal in character and removable to federal court. See also Cicio v. Does, 321 F. 3d 83, 92-94 (2d Cir. 2003). Accordingly, the Court finds that the complete preemption of plaintiff's claim is an appropriate basis of removal, and will deny the motion for remand.

## CONCLUSION

For the foregoing reasons, the motion for remand [doc. # 12] is DENIED.

_____
Warren W. Eginton, Senior U.S. District Judge

SO ORDERED this ___ day of November, 2003, in Bridgeport, Connecticut.

3